## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR309 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| DEXTER ANTHONY DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's motion for downward departure or variance (Filing No. 25). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

As indicated in the Addendum to the PSR and in ¶ 4 of the Defendant's motion, the Defendant submitted objections to the probation officer pursuant to ¶ 4 of the Order on Sentencing Schedule. Defense counsel apparently expected that the probation officer would attach a copy of the Defendant's objections to the PSR to the report. However, this is not the practice in this Court. Rather, after receiving the Addendum and reviewing any records made available to defense counsel by the probation officer, pursuant to ¶ 6 of the Order on Sentencing Schedule the Defendant was required to file any remaining objections with the Court on or before April 5, 2007. (Filing No. 20, ¶ 6.) Any objections not filed accordingly may be waived.[1]

---

[1] If defense counsel has remaining specific objections that affect the sentencing guideline calculation after reviewing any records provided by the probation office that can be supported by legal authority, they may be raised by filing them immediately with the Court together with a motion for leave to file the objections out of time. Otherwise, the objections referred to in the Addendum to the PSR may be deemed waived.

The Defendant moves for a downward departure based on over representation of criminal history.  The motion is denied.  The Court notes that the Defendant has had consistent and numerous prior convictions almost every year since he was 18 years old. The Defendant's reliance on *United States v. Greger,* 339 F.3d 666 (8th Cir. 2003) is misplaced, as *Greger*, authored by the undersigned, stands for the proposition that a district court may depart horizontally and vertically in a case involving a career offender. *Id.* at 671.

The Defendant also moves for a downward departure or variance based on *United States v. Booker,* 543 U.S. 220 (2005) and the crack-powder cocaine disparity. The Defendant has cited no legal authority in support of his argument other than *Booker,* which does not relate directly to the crack-powder disparity issue.  The Eighth Circuit has stated that sentencing within the guidelines based on the crack-powder cocaine disparity is "presumptively reasonable."  *United States v. Lee,* 451 F.3d 914, 917 (8th Cir. 2006), pet. for cert. filed, __ U.S.L.W. __ (U.S. Oct. 30, 2006) (No. 06-7591).

IT IS ORDERED:

1.      The Defendant's motion for downward departure or variance (Filing No. 25) is denied;

2.      The Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3.      If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the

submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.      Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 17th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge